914 F.2d 248
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re GRAND JURY PROCEEDINGS.
UNITED STATES of America, Plaintiff-Appellee,
v.
UNDER SEAL, Defendant-Appellant.
 Nos. 89-5150, 89-5151.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 27, 1990.
Decided Sept. 17, 1990.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Edward S. Northrop, Senior District Judge. (C/A No. MISC-708-A)
 Richard Butchok, Baltimore, Md., Margaret Ziegler, Ferguson, Wilmer, Cutler & Pickering, Washington, D.C., for appellants.
 E. Thomas Roberts, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED AS MODIFIED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Milton Keith James and Rutherford Ronald Rogers appeal the district court's order holding them in contempt for failure to testify before the grand jury after being granted immunity pursuant to 18 U.S.C. Sec. 6002. The United States may require a witness to testify after he has been granted immunity under 18 U.S.C. Sec. 6002. Kastigar v. United States, 406 U.S. 441 (1972). Therefore, the district court acted properly when it held James and Rogers in contempt.
 
 
 2
 Although James and Rogers were properly found to be in contempt, the district court's order specified only that their terms of incarceration would expire when they testified before the grand jury. A term of incarceration for contempt for failure to testify expires (1) when the witness testifies before the grand jury, or (2) when the term of the grand jury expires, but under no circumstances may the term of incarceration exceed 18 months. 28 U.S.C. Sec. 1826. Therefore, pursuant to our authority under 28 U.S.C. Sec. 2106, we modify the district court's order to reflect that the terms of incarceration are to expire when the appellants testify or when the term of the grand jury expires, but not to exceed 18 months in any event, and affirm as modified.
 
 
 3
 In accordance with Anders,* we have reviewed the record and all pertinent papers and have found no other non-frivolous grounds for appeal. However, we deny the motion of counsel to withdraw.
 
 
 4
 In the case of an unsuccessful appellant represented by appointed counsel, the responsibilities of the attorney are set forth in the plan adopted by this Court in implementation of the Criminal Justice Act of 1964. See 18 U.S.C. Sec. 3006A. These responsibilities include informing his or her client in writing of his right to petition the Supreme Court for a writ of certiorari. If requested to do so, counsel should prepare a timely petition for such writ and take such steps as are necessary to protect the rights of his or her client. Therefore, counsel's request to withdraw from further representation is denied.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 6
 AFFIRMED AS MODIFIED.
 
 
 
 *
 Anders v. California, 386 U.S. 738 (1967)